ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JUN 16 PM 2: 23

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DOUGLAS KEITH RICKERSON,      )
                              )
        Plaintiff,            )
                              )
v.                            )   CV 104-068
                              )
SERGEANT WOODS, SERGEANT      )
FOSKEY, and NURSE GARY WARREN,)
                              )
        Defendants.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly confined at the Columbia County Detention Center ("CCDC") in Appling, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. He filed the case *pro se* and was granted permission to proceed *in forma pauperis*.[1] Plaintiff has been released from incarceration and is now represented by counsel. The matter is currently before the Court on Defendants' submission of requested fees and expenses associated with the failed deposition of Plaintiff on December 3, 2004 and the resultant motion to dismiss. (Doc. nos. 42 & 44). Plaintiff submitted his opposition. (Doc. no. 46). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the request by Defendants Woods and Foskey be **GRANTED** in the amount of $1,664.42 and that the request by Defendant Warren be **GRANTED** in the amount of $975.00.

---

[1] Plaintiff has since paid the entire filing fee in installments.

## I. BACKGROUND

On June 18, 2004, the Court directed that service of process be effected on Defendants Woods, Foskey, and Warren for Plaintiff's Eighth Amendment claim that alleges Defendants unjustifiably delayed obtaining needed dental treatment for Plaintiff. (Doc. no. 9). In that Order directing service of process, the Court gave Plaintiff specific instructions about the progression of his case. In particular, Plaintiff was instructed that he must cooperate fully in any discovery initiated by Defendants and that upon being given five (5) days notice, he must appear and permit his deposition to be taken. (Id. at 4-5). The Order went on to state, "Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case." (Id. at 5).

Defendants filed their answers (doc. nos. 21-23), and the Clerk issued a Scheduling Notice on August 24, 2004. According to that Notice, the discovery period was set to close on December 21, 2004, and the motion filing deadline was set to January 20, 2005. On November 23, 2004, Defendants first noticed Plaintiff's deposition for November 30, 2004, but because of scheduling conflicts of counsel, the deposition was pushed back to December 3, 2004. (Doc. no. 32, Exs. A & C).

When defense counsel arrived for the December 3rd deposition, Plaintiff refused to answer any questions. He stated, "My attorney told me not to – he couldn't make it here today. He's in court; Mike Garrett, Garrett & Gilliard. He couldn't make it here today, so he told me to just not to talk, not without his presence." (Doc. no. 34, Depo. Tr., p. 3). At least four more times during the December 3, 2004 attempted deposition Plaintiff stated that

he would not answer questions without his attorney. (Id. at 5-6, 8). Although Plaintiff eventually clarified that he had not actually spoken with Mr. Garrett (id. at 7), and although defense counsel contacted Mr. Garrett's office and received confirmation that no one from that office had made an appearance as counsel of record for Plaintiff (id. at 9), Plaintiff refused to proceed with any questioning from defense counsel. After contacting Mr. Garrett's office and after speaking with the Court about the situation, defense counsel determined that the deposition could not go forward.[2] (Id. at 10).

Defendants then filed a motion to dismiss based on Plaintiff's failure to comply with the Court's Order concerning cooperating in discovery. Only upon prompting from the Court did Plaintiff eventually file a response to the motion to dismiss.[3] (See doc. nos. 36 & 37). The response was little more than a request to continue the case and a promise to answer questions posed by defense counsel. (Doc. no. 37). Plaintiff raised no objection to the notice or timing of the deposition. Nor did he offer any objection to Defendants' suggestion that in lieu of dismissing the case, he be required to pay Defendants' attorneys' fees and expenses

---

[2]In the opposition to Defendants' requests for fees, Plaintiff's newly retained counsel takes defense counsel to task for not calling the Court for instruction during the December 3rd deposition. (Doc. no. 46, pp. 1-2). However, had Plaintiff's counsel carefully reviewed the deposition transcript, he would have seen that, in fact, defense counsel did call the Court. (Doc. no. 34, p. 9) ("Since we broke, in order to determine all the parameters of this situation, we have attempted and have spoken briefly with the magistrate judge about this situation to indicate where we were and what our plans were in terms of whether to go forward or not based upon Mr. Rickerson's statement." (emphasis added)).

[3]Under Loc. R. 7.5, and as explained to Plaintiff in the Court's June 18th Order, if a party fails to respond to a motion, the Court assumes there is no opposition to such motion. (Doc. no. 9, p. 6).

3

generated by the attempted deposition and preparation of the resultant motion to dismiss. (See doc. no. 32, p. 5; doc. no. 37).

This Court's recommendation that the case not be dismissed but that Plaintiff be required to pay a reasonable amount of fees and expenses was adopted as the opinion of the district court by the April 20, 2005 Order of the Honorable Dudley H. Bowen, Jr., United States District Judge. On May 5, 2005, Plaintiff was released from incarceration. (Doc. no. 46, Rickerson Decl., ¶ 19). Upon his release, he hired John P. Batson, Esquire, to represent him in this case. Mr. Batson prepared opposition to the request for fees in which he not only objects to specific monies sought, but also urges the Court to reconsider awarding any fees, arguing that any award will have a "chilling effect" on prisoner litigation. (Doc. no. 46, pp. 4, 5).

## II. DISCUSSION

As Judge Bowen has already determined that an award of attorneys' fees and expenses is an appropriate sanction for Plaintiff's improper refusal to participate in the December 3, 2004 deposition, the Court will only briefly touch on Plaintiff's belated argument that he should not have to pay any fees. First, as explained in note 2, *supra*, the complaint that defense counsel should have called the Court is patently meritless, as the deposition transcript clearly shows that counsel did contact the Court. (Depo. Tr., p. 9). Likewise, the objection to the timing of the deposition is meritless. First, Plaintiff did not refuse to answer questions based on an objection to the adequacy of the deposition notice; he stated that his attorney - an attorney who had not been hired prior to or subsequent to the deposition - told him not to answer questions. Moreover, in his most recent declaration,

4

Plaintiff states that he did not even talk to anyone in the office of the attorney who he claimed would represent him until December 1, 2004, a day after the deposition had originally been scheduled. (Doc. no. 46, Rickerson Decl., ¶ 12). To the extent Plaintiff now complains about the timing of the deposition notice, not only was that issue waived by failing to raise it at the deposition, in his response to the motion to dismiss, or in his objections to the recommendation by this Court on the motion to dismiss, but it is a moot issue because Plaintiff was first put on notice about a deposition on November 24, 2004, and Plaintiff was not required to appear until December 3, 2004. Thus, Plaintiff clearly had at least five days notice. Moreover, Plaintiff had known since June 18, 2004 that he was responsible for participating in discovery. That he chose to wait until the last minute to attempt to hire an attorney is no excuse for failing to follow the Court's instructions on discovery.

In sum, Judge Bowen has already determined that an award of fees, in lieu of dismissal of the case, is appropriate. Plaintiff has presented nothing in his opposition to change the conclusion that he should be sanctioned for failing to follow the rules in place for pursuing his case in this federal court. That Plaintiff chose to wait over a year after commencement of the case to hire an attorney who wants to pursue a different litigation strategy is not a valid reason to excuse Plaintiff from the consequences of his actions taken prior to hiring counsel. Plaintiff refused to participate in discovery, and willingly or not, mislead defense counsel into thinking that he was (or would shortly be) represented by counsel on December 3, 2004. A different attorney from the one identified on December 3rd did not appear until May of 2005. Thus, the Court now turns its attention to the request for fees and expenses.

As a starting point, the Court must determine a reasonable hourly rate. Mr Ellington, a partner in an Augusta law firm, seeks reimbursement at a rate of $150.00 an hour.[4] (Doc. no. 44, Ex. A). Ms. Adler, an attorney in Atlanta who has practiced in general litigation since 1999 and usually bills at a rate between $165.00 to $185.00, seeks reimbursement at a rate of $175.00 per hour.[5] (Doc. no. 43, Adler Aff. ¶¶ 5, 7). Plaintiff has not offered any argument on the billing rates submitted by either attorney.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[6] Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The goal of the analysis is to replicate the rates that would prevail in the legal marketplace." Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1580 (11th Cir. 1990). In making this determination, the "going rate" in the community is the most critical factor in setting the fee rate. Martin v. University of South Ala., 911 F.2d 604, 610 (11th Cir. 1990). In addition, a district court may consult its own experience. Norman, 836 F.2d at 1303.

---

[4]Mr. Ellington represents Defendants Woods and Foskey.

[5]Ms. Adler represents Defendant Warren.

[6]The Court relies on case law analyzing fee awards upon the conclusion of litigation for the purpose of determining the adequacy of the fee requests themselves, not for the purpose of whether fees should be awarded at all. Judge Bowen has already determined that fees should be awarded as a discovery sanction. Cf. Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir. 1989) (affirming dismissal of *pro se* litigant's case for failure to pay validly-imposed monetary sanction for discovery violation). The Court recognizes that Plaintiff has also cited a case concerning an award of attorneys' fees at the conclusion of litigation, Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), but he improperly relies on that case to argue for a standard of evaluation of frivolity of the entire case. As noted above, the award of attorneys' fees here is not based on any evaluation of the merits of the case, but rather as a discovery sanction.

Based on the Court's knowledge of the Augusta legal market (as indeed Mr. Ellington's request bears out), the Court deems a fee of $150.00 per hour to be a reasonable hourly rate for the work performed by both attorneys seeking fees. Although Ms. Adler may command fees at a higher rate in Atlanta, the Court does not believe that the Augusta legal market would bear such billing.

Turning next to the individualized requests from Defendants, Mr. Ellington seeks a total of $3,839.42 in fees and expenses, and Ms. Adler seeks a total of $1,420.00. (Doc. nos. 42, 44). Plaintiff objects to the requests as excessive and complains that some of the time entries are not sufficiently broken down so that he can determine whether the claimed time is appropriately requested. When exercising proper "billing judgment," attorneys must exclude those hours that would be unreasonable to bill a client or an adversary without reference to skill, reputation or experience. Norman, 836 F.2d at 1301. A district court must therefore deduct from the calculation unnecessary or redundant hours. Id. at 1301-02; Duckworth v. Whisenant, 97 F.3d 1393, 1398 (11th Cir. 1996) (*per curiam*).

Here, Mr. Ellington billed a total of 7.3 hours of preparation for and the attempted taking of the December 3, 2004 deposition. As that preparation undoubtedly aided counsel in the deposition that was ultimately taken on May 18, 2005, the time entry is appropriately reduced to 3.0 hours.[7] As the Deposition Notices would have had to have been prepared

---

[7] As Ms. Adler's billing statement provides a 1.5 hours denomination for taking the deposition, the Court accepts that as a reasonable time for Mr. Ellington's attendance as well. Given that the attorneys had to be present for at least a limited time before and after the court reporter's clock started running (from 1:03 to 1:58 p.m.), 1.5 hours is reasonable. Plaintiff acknowledges travel time of 1.5 hours. (Doc. no. 46, p. 7).

7

regardless of whether or not Plaintiff honored his discovery responsibilities, that time expended on November 23, 2004 shall not be assessed.

As to the time spent by Mr. Ellington on drafting and filing the motion to dismiss, while the Court agrees with Mr. Ellington's assessment that the Court "expects carefully researched, written and proofread briefs" (doc. no. 47, p. 3), the Court finds a total of 10.2 hours of work to be a bit excessive. The time entries for December 6, 2004 through December 14, 2004 contain some repetitive entries for legal research and drafting and dictating the motion.[8] Upon review the Court finds that 6.0 hours is appropriate.

Likewise, 1.8 hours for reviewing returned mail and locating a new address for Plaintiff appears to be excessive and will be trimmed to 0.5 hour. The 0.1 hour on December 22, 2004 is not contested and shall be allowed. The Court will also reduce the 1.2 hours on April 21, 2005 to 0.5 hour for various tasks related to receipt and review of Judge Bowen's Order adopting this Court's recommendation on the motion to dismiss. Moreover, no fees will be assessed for the entries from January 28th through March 11th because the tasks related to those entries did not require any work in furtherance of facilitating the Court's ruling on the motion or on Plaintiff's objections. Finally, Mr. Ellington's expenses of $149.42 are reasonable. Thus, the total of the reasonable fees and expenses for Mr. Ellington's work comes to $1,664.42.[9]

---

[8]For example, an entry on December 10th says "complete draft and dictation," but then on December 13th, there is another entry of "draft and dictate" for the motion to dismiss.

[9]As described in detail above, this amount is comprised of 10.1 hours billed at $150.00 per hour and of $149.42 in expenses.

Moving next to Ms. Adler's request, the 6.5 hours billed for travelling to, and attempting to take, the December 3, 2004 deposition are reasonable. However, as to the resultant motion to dismiss, the billing records shows that it was Mr. Ellington who was primarily responsible for researching and drafting the motion to dismiss, and the Court finds that it would be inappropriate under the circumstances to award fees to Ms. Adler related to that motion. Likewise, Ms. Adler's request to be reimbursed the cost of the deposition transcript should be denied when Mr. Ellington did the drafting and also secured a copy of the transcript for that purpose. Finally, absent any explanation about the calls "regarding plaintiff's deposition" on November 29, 2004, that time should be disallowed. In sum, the total of the reasonable fees and expenses for Ms. Adler's work comes to $975.00.[10]

## III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that the request by Defendants Woods and Foskey be **GRANTED** in the amount of $1,664.42 and that the request by Defendant Warren be **GRANTED** in the amount of $975.00. Absent a request from Plaintiff to the Court for arrangement of a payment plan, the sanctions should be paid within forty-five (45) days of any final decision by Judge Bowen on this recommendation.

SO REPORTED and RECOMMENDED this ___ day of June, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10]This amount is comprised of 6.5 hours billed at a rate of $150.00 per hour.

9

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Shira Adler, Esq.
John Paul Batson, Esq.
James B. Ellington, Esq.
Michael D. Flint, Esq.
Thomas W. Tucker, Esq.

CASE NO: CV104-68
DATE SERVED: 06/16/05
SERVED BY: THB

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate