IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DOUGLAS KEITH RICKERSON,

 Plaintiff,

vs.

SERGEANT WOODS, SERGEANT
FOSKEY, and NURSE GARY
WARREN, all in their
Individual Capacities,

 Defendants.

CIVIL ACTION NO.
CV 104-068

# O R D E R

Before the Court in the captioned matter is Defendants' motion to dismiss based upon Plaintiff's failure to pay sanctions imposed by the Court on July 13, 2005.

In this Court's order screening the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was notified of his duty to attend his deposition and answer questions.[1] (Order of June 18, 2004, Doc. No. 9.) The Court forewarned Plaintiff that failure to do so may result in dismissal of his case. (Id.) Despite this warning, Plaintiff appeared for his deposition on December 3, 2004, but refused to answer questions. Defendants sought dismissal of the case.

---

 [1] Plaintiff had filed the complaint pro se and had sought to proceed in forma pauperis.

On April 20, 2005, this Court adopted the Report and Recommendation of the United States Magistrate Judge, which recommended that the motion to dismiss be denied but that the alternate request for attorney's fees and expenses resulting from the failed deposition be granted. (Doc. No. 41.) The Court also directed that the monies be collected from Plaintiff's inmate trust account if he was unable to pay the sanctions. (Id.)

Upon the Court's direction, defense counsel submitted a statement of fees shortly thereafter. While these fee statements were under consideration, Mr. John P. Batson appeared in the case as Plaintiff's attorney by filing a paper in opposition to the imposition of fees. (Pl.'s Br. in Opp'n to Fees and Costs, May 20, 2005, Doc. No. 46.) The Court was also notified that Plaintiff had been released from prison. (Pl.'s Decl. ¶ 32, Doc. No. 45.)

On June 16, 2005, the United States Magistrate Judge entered a Report and Recommendation in which he recommended that the fee request of Defendants Woods and Foskey be granted in the amount of $1664.42 and the fee request of Defendant Warren be granted in the amount of $975.00. These sanction amounts had been appropriately reduced from what defense counsel sought in their fee statements. (See Doc. No. 54.) Plaintiff had an opportunity to object to the Magistrate

Judge's Report and Recommendation but elected not to object. On July 13, 2005, the Report and Recommendation with the reduced fee amounts was adopted as the opinion of this Court. (Doc. No. 74.) In the July 13, 2005 Order, Plaintiff was informed that he could move for the arrangement of a payment plan; otherwise, the entire amount of $2,639.42 would be due within 45 days of the Order's entry. (Id.) Plaintiff elected not to move to arrange for a payment plan.

In the meantime, Defendants had filed motions for summary judgment. Plaintiff, through counsel, spent the next several months litigating the summary judgment motions. These motions were pending when the case was reassigned to the undersigned for plenary disposition. (Order of Feb. 26, 2007, Doc. No. 101.) Thereafter, Defendants filed the instant motion to dismiss based upon Plaintiff's failure to pay the sanctions imposed by the Order of July 13, 2005. Plaintiff elected not to respond to said motion. (Defs.' Mot. to Dismiss, March 9, 2007, Doc. No. 103.)

The Court conducted a pretrial conference on March 27, 2007. At the time of the conference, instead of granting Defendants' motion to dismiss based upon Plaintiff's failure to comply with the Court's order, the Court informed Plaintiff's counsel that Plaintiff would be permitted an additional twelve days to pay the sanctions, which were due over 18 months ago. The Court further informed counsel that

3

unless the fees were paid by April 9th, the case would be dismissed. Plaintiff's private counsel informed the Court at the pre-trial conference that his client had been convicted of another crime and was actually incarcerated again. Plaintiff's counsel urged the Court not to enforce the July 13, 2005 Order due to the fact that Plaintiff was incarcerated. No explanation was offered as to why Plaintiff had not paid all or even a portion of the sanctions in the intervening time when he was between imprisonments and was represented by private counsel.

In Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989), the Eleventh Circuit held that a damage suit of a pro se plaintiff proceeding in forma pauperis ("IFP") may be dismissed for failure to pay sanctions imposed as a penalty for the unreasonable refusal to obey a discovery order. The court warned, however, that it might be an abuse of a court's discretion to dismiss a case of an IFP litigant based upon the failure to pay imposed monetary sanctions where the litigant "comes forward showing a true inability to pay." Id. at 838.

Plaintiff in the instant case faces similar circumstances faced by the plaintiff in Moon whose case was dismissed despite his IFP status. Like the Moon plaintiff, Plaintiff herein refused to answer questions at his deposition and was ordered to pay sanctions for this misconduct. Plaintiff, like

4

the Moon plaintiff, has refused to pay the sanctions. Unlike the Moon plaintiff, Plaintiff herein is now represented by counsel. Indeed, he was represented by counsel when the July 13, 2005 Order was entered inviting him to request a payment plan. Plaintiff not only failed to do so, he has failed to pay a single penny of the sanctions in over 18 months. Other than his protestations of poverty, Plaintiff has not attempted to demonstrate to the Court that he is unable to pay the sanction. His counsel suggests that his present incarceration alone demonstrates an inability to pay, but nothing has been offered to show his present financial condition nor has any explanation been offered for Plaintiff's failure to pay the sanction during his period of freedom from incarceration. The Court also notes that when Plaintiff was originally granted IFP status, his filing fee was ultimately collected from his inmate trust account. Plaintiff cannot avoid dismissal of his case by relying only upon an earlier establishment of IFP status; he should instead attempt to comply with the sanction or he should detail his unsuccessful efforts to comply with the Court's order. See Moon, 863 F.2d at 838. Plaintiff in this case has utterly failed to do so.

Upon the foregoing, Defendants' motion to dismiss the case based upon Plaintiff's failure to pay the monetary sanctions is **GRANTED**. While the Court could dismiss the case

5

with prejudice, a less severe sanction will be imposed. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_9\_\_\_ day of April, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE